IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ROYCE DOSSEY,** *Plaintiff* | § § § | |
| | § | MO-24-CV-00229-DC |
| v. | § § | |
| **A. MACIAS; ROBERT TORRES; MICHAEL GERKE, ODESSA POLICE DEPARTMENT CHIEF; CITY OF ODESSA, TEXAS; ODESSA, TEXAS POLICE DEPARTMENT,** *Defendants* | § § § § § § § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
## [DOCKET NUMBER 49]

On April 24, 2025, Plaintiff filed this Motion for Default Judgment. [docket number 49]. There, he asserts that Defendants are in default for their failure to timely and thoroughly reply. [*Id.* at 1].

The Fifth Circuit has held that "default judgments are a drastic remedy not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A plaintiff is not entitled to a default judgment as a matter of right even when defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2003) (per curiam). Instead, a default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); *see also Lewis*, 236 F.3d at 767.

The entry of a default judgment is not appropriate under the circumstances of this case, as Defendants have not "failed to plead or otherwise defend" in this action. *See* Fed. R. Civ. P. 55(a). The only reason Plaintiff asserts for a default judgment is that Defendants did not timely

and thoroughly reply. [*See generally* docket number 49]. That said, the Court would note that Defendants have timely filed an Answer, after which this Court entered a Scheduling Order that gave the parties until May 23, 2025, to file dispositive motions. [*See* docket numbers 47 & 48, respectively]. As that time has not yet passed, Plaintiff's Motion for Default Judgment is both frivolous and premature.

There are only three ways for a plaintiff to obtain the type of relief he seeks: (1) a motion for default judgment under Rule 55; (2) a motion for judgment on the pleadings under Rule 12(c); and (3) a motion for summary judgment under Rule 56. Plaintiff cannot obtain a Rule 55 default judgment against Defendants because Defendants have appeared and answered. Plaintiff cannot obtain a Rule 12(c) judgment on the pleadings because his causes of action require fact findings and Defendants have challenged those facts by denying Plaintiff's claims in their answer. [*See* docket number 47].

This leaves a motion for summary judgment as the only vehicle by which Plaintiff may obtain the dispositive relief he seeks. The Court is to liberally construe Plaintiff's *pro se* filings in a manner that conforms to the desired remedy. *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996). This principle requires the Court to treat Plaintiff's motion as a summary judgment motion by process of elimination.

Considering Plaintiff's motion as a summary judgment motion is not an adverse act, and it coincides with his request for relief under the rules. It favors Plaintiff by providing the framework within which his request may properly be considered. His motion fails though, not because it is construed as a summary judgment motion, but because it is insufficient to prove the matters necessary for Plaintiff to obtain dispositive relief.

To determine whether to enter default judgment, the Court asks (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice to the non-defaulting party; (3) whether the grounds for default are clearly established; (4) whether the default was caused by either a good-faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default judgment upon a post-judgment motion from defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., Federal Practice and Procedure §2685 (2d ed. 1983)). As explained below, all six *Lindsey* factors weigh against entering default judgment in this case.

The first *Lindsey* factor asks whether there are material issues of fact at issue in the case. *Prive*, 161 F.3d at 893. An answer has been filed. So, there are material issues of fact in dispute.

The second *Lindsey* factor asks whether there has been substantial prejudice to plaintiff from defendants' default. As Defendants have not defaulted, because they did timely file an Answer, there is no prejudice to assess.

The third *Lindsey* factor asks whether the grounds for default are clearly established, which here they are not as a timely Answer was filed by Defendants.

The fourth *Lindsey* factor asks whether the default was caused by either a good-faith mistake or excusable neglect. Since there was no default, this factor is irrelevant.

The fifth *Lindsey* factor asks about the harshness of the default judgment. The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process ... within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins.,* 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment

remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

And finally, the sixth *Lindsey* factor asks whether the Court would feel obligated to set aside a default judgment upon a post-judgment motion from defendants. If this Court were to grant a Motion for Default Judgment, it would certainly be set aside in a post-judgment motion from Defendants since they timely answered Plaintiff's §1983 claims.

This Court finds that there currently is not enough reason to justify the extreme remedy of default judgment in this case. Therefore, Plaintiff's Motion for Default Judgment is **DENIED**. [docket number 49].

It is so **ORDERED**.

**SIGNED this 25th day of April, 2025.**

_____
**DAVID COUNTS
UNITED STATES DISTRICT JUDGE**